**IN THE UNITED STATES COURT OF APPEALS FOR THE**

**FIRST CIRCUIT**

**———————————**

**APPEAL NO. 23-1815**

**————————————**

**UNITED STATES,**

**APPELLEE,**

**V.**

**EDDIE COLON-VAZQUEZ**

**DEFENDANT - APPELLANT**

**═══════════════**

# APPELLANT'S APPENDIX

**————————————**

**LAW OFFICES OF**
**MAURICIO HERNANDEZ ARROYO**
**USCA-1ST Cir. Bar No. 42462**
**Attorney for Appellant**
**Eddie Colon-Vazquez**
**818 Avenue Hostos, Suite B**
**Playa de Ponce, Puerto Rico 00716**
**(787) 597-4815**
**email: lawofficesmhernandez@gmail.com**

**i.**

**APPELLANT'S APPENDIX**

**TABLE OF CONTENTS**

1. Notice of Appeal, September 26, 2023, DE 28...............................................1-2
2. Transcript Change of Plea Hearing, June 16, 2023, DE 32........................3-22
3. Transcript Sentencing Hearing, September 15, 2023, DE 31....................23-48
4. Indictment, March 9, 2023, DE 9...................................................................49-51
5. Plea & Forfeiture Agreement, June 16, 2023, DE 20..................................52-63

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff, | CR. NUM. 23-079 (FAB) |
| v. | |
| **EDDIE COLÓN-VÁZQUEZ**<br>Defendant | |

**DEFENDANT'S NOTICE OF APPEAL**

**TO THE HONORABLE COURT:**

**COMES NOW** defendant **Eddie Colón-Vázquez** through his CJA assigned counsel and respectfully informs the Court as follows:

1. Mr. Colón-Vázquez hereby appeals to the United States Court of Appeals for the First Circuit from the final Amended Judgment pronounced on September 15, 2023 and entered on the court's docket on September 25, 2023 (DE. 26).

2. Mr. Colón-Vázquez's Notice of Appeal is being filed within 14 days of entry of the original judgment in accordance with FRAP 3 and 4. Mr. Colón-Vázquez shall seek to declared indigent and shall submit a new in forma pauperis petition, hence, he will not be able to pay the filing fee.

**WHEREFORE**, Mr. Colón-Vázquez respectfully requests that the court take note that he has filed a notice of appeal on this date and shall seek to be re-declared indigent.

**RESPECTFULLY SUBMITTED.**

I HEREBY certify that on this same date, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties involved.

In Bayamón, Puerto Rico, on September 26, 2023.

**s/ Miguel A. Rodríguez-Robles**
Miguel A. Rodríguez-Robles
USDC-PR 228704
Attorney for defendant Eddie Colón-Vázquez
100 Calle Río Espíritu Santo, Apt. 101
Bayamón, PR 00961-3290
Tel. 787-549-2839
miguelrodriguezrobles@gmail.com

000002

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 23-CR-079 (FAB) |
| Plaintiff, | ) | |
| | ) | CHANGE OF PLEA HEARING |
| vs | ) | |
| | ) | |
| EDDIE COLON-VAZQUEZ, | ) | |
| Defendant. | ) | |

TRANSCRIPT OF CHANGE OF PLEA HEARING
HELD BEFORE THE HONORABLE SENIOR JUDGE FRANCISCO A. BESOSA
SAN JUAN, PUERTO RICO
Friday, June 16, 2023

APPEARANCES:

For the United States:    LUIS ANGEL VALENTIN, AUSA
                          United States Attorney's Office
                          Torre Chardon, Suite 1201
                          350 Carlos Chardon Street
                          San Juan, PR 00918


For the Defendant:        MIGUEL A. RODRIGUEZ-ROBLES, ESQ.
                          Cond. Riberas de Rio Hondo
                          100 Rio Espiritu Santo
                          Apt. 101
                          Bayamon, PR 00961-3290


Produced by mechanical stenography; computer-aided transcription

Joe Reynosa, CSR, RPR
Official Court Reporter

```
 1                 (PROCEEDINGS COMMENCED AT 10:45 A.M.)

 2

 3           THE COURT:  Next case, please.

 4           THE COURTROOM DEPUTY CLERK:  Yes, Judge.

 5           Criminal Case No. 23-079, United States of America

 6   versus Eddie Colon-Vazquez.  Case is called for a Change of

 7   Plea Hearing.

 8           On behalf of the Government, Assistant United

 9   States Attorney Luis Angel Valentin substituting for Damare

10   E.R. Theriot.

11           On behalf of the Defendant, Attorney Miguel A.

12   Rodriguez-Robles.

13           Defendant is present in court and will be assisted

14   by a certified court interpreter.

15           THE COURT:  Please put Mr. Colon under oath.

16           THE COURTROOM DEPUTY CLERK:  Yes, Judge.

17           Sir, please raise your right hand.

18

19                     EDDIE COLON-VAZQUEZ,

20                 after having been first duly

21             sworn or affirmed upon oath, was examined

22                   and testified as follows:

23

24           MR. RODRIGUEZ-ROBLES:  Good morning, Judge.  Miguel

25   Rodriguez on behalf of Eddie Colon-Vazquez.
```

```
 1              MR. VALENTIN:  Good morning, Your Honor.  Luis

 2    Valentin, Assistant United States Attorney, on behalf of the

 3    United States.

 4              THE COURT:  Mr. Colon, before I accept your

 5    petition to enter a plea of guilty, I have to determine that

 6    you are competent to make your plea and that your petition is

 7    completely voluntary.

 8              Do you understand that?

 9              DEFENDANT COLON-VAZQUEZ:  Yes.

10              THE COURT:  Do you understand that you are now

11    under oath?

12              DEFENDANT COLON-VAZQUEZ:  Yes.

13              THE COURT:  If you answer any of my questions

14    falsely, your answers may later be used against you in a

15    prosecution for perjury or for making a false statement.

16              Do you understand that?

17              DEFENDANT COLON-VAZQUEZ:  Yes.

18              THE COURT:  Mr. Colon, would you please state your

19    full name.

20              DEFENDANT COLON-VAZQUEZ:  Eddie Yamil

21    Colon-Vazquez.

22              THE COURT:  How old are you?

23              DEFENDANT COLON-VAZQUEZ:  21.

24              THE COURT:  How far did you go in school?

25              DEFENDANT COLON-VAZQUEZ:  I graduated from high
```

```
 1   school.
 2              THE COURT:  Have you been treated recently for any
 3   type of mental illness?
 4              DEFENDANT COLON-VAZQUEZ:  No.
 5              THE COURT:  Have you been treated recently for
 6   addiction to any type of narcotic drug?
 7              DEFENDANT COLON-VAZQUEZ:  No.
 8              THE COURT:  Are you currently under the influence
 9   of any type of narcotic drug?
10              DEFENDANT COLON-VAZQUEZ:  No.
11              THE COURT:  Are you currently taking any type of
12   medication?
13              DEFENDANT COLON-VAZQUEZ:  No.
14              THE COURT:  Are you currently under the influence
15   or have you drunk any alcoholic beverage within the last
16   24 hours?
17              DEFENDANT COLON-VAZQUEZ:  No.
18              THE COURT:  Mr. Colon, what is it that you want to
19   do now here in court?
20              Do you want to plead guilty or not?
21              DEFENDANT COLON-VAZQUEZ:  To plead guilty, yes.
22              THE COURT:  Mr. Rodriguez, do you have any doubts
23   as to Mr. Colon's competence to plead?
24              MR. RODRIGUEZ-ROBLES:  No, I do not, Your Honor.
25              THE COURT:  Mr. Valentin, do you have any doubts?
```

```
 1            MR. VALENTIN:  No, Your Honor.

 2            THE COURT:  Based on his answers to my questions

 3    and his appropriate demeanor, I find Defendant Eddie

 4    Colon-Vazquez to be competent to enter his plea of guilty.

 5            Mr. Colon, did you receive a copy of the indictment

 6    that's pending against you?

 7            DEFENDANT COLON-VAZQUEZ:  Yes.

 8            THE COURT:  Is this a one-count indictment?

 9            MR. VALENTIN:  Yes, Your Honor, I believe so.

10            MR. RODRIGUEZ-ROBLES:  It is, Your Honor, yes.

11            THE COURT:  Did you discuss the charge in the

12    indictment with your attorney, with Mr. Rodriguez?

13            DEFENDANT COLON-VAZQUEZ:  Yes.

14            THE COURT:  Did you discuss your decision to plead

15    guilty with Mr. Rodriguez?

16            DEFENDANT COLON-VAZQUEZ:  Yes.

17            THE COURT:  Are you fully satisfied with the

18    counsel, representation, and advice given to you by

19    Mr. Rodriguez?

20            DEFENDANT COLON-VAZQUEZ:  Yes.

21            THE COURT:  Mr. Colon, do you understand that you

22    have a right to plead not guilty to the offense charged

23    against you?

24            DEFENDANT COLON-VAZQUEZ:  Yes.

25            THE COURT:  Do you understand that you have a right
```

1    to maintain that plea of not guilty if you wanted to?

2             DEFENDANT COLON-VAZQUEZ:  Yes.

3             THE COURT:  Do you understand that if you were to

4    maintain a plea of not guilty, you would then have the right

5    to a trial by jury?

6             DEFENDANT COLON-VAZQUEZ:  Yes.

7             THE COURT:  Do you understand that at your trial

8    you would be presumed to be innocent?

9             DEFENDANT COLON-VAZQUEZ:  Yes.

10            THE COURT:  Do you understand that it's the

11   Government that would have to prove that you are guilty with

12   competent evidence and beyond a reasonable doubt?

13            DEFENDANT COLON-VAZQUEZ:  Yes.

14            THE COURT:  Do you understand that at your trial

15   your attorney would be with you at all times to help you with

16   your defense?

17            DEFENDANT COLON-VAZQUEZ:  Yes.

18            THE COURT:  And that you would have the right to

19   see every witness that would come to the trial to testify and

20   listen to every witness' testimony.

21            Do you understand that?

22            DEFENDANT COLON-VAZQUEZ:  Yes.

23            THE COURT:  And that you also would have the right

24   to have each and every witness cross-examined as part of your

25   defense.

```
 1              Do you understand that?

 2              DEFENDANT COLON-VAZQUEZ:  Yes.

 3              THE COURT:  And that you would have the right not

 4    to testify at your trial, or even present any evidence,

 5    unless you voluntarily would want to do so as part of your

 6    defense.

 7              Do you understand that?

 8              DEFENDANT COLON-VAZQUEZ:  Yes.

 9              THE COURT:  And that you also would have the right

10    to have witnesses come to your trial to testify on your

11    behalf as part of your defense, if necessary, by Court order.

12              Do you understand that?

13              DEFENDANT COLON-VAZQUEZ:  I understand.

14              THE COURT:  Do you understand that if you were to

15    decide not to testify at your trial, or even present any

16    evidence, that cannot be used against you?

17              DEFENDANT COLON-VAZQUEZ:  Yes.

18              THE COURT:  Do you understand that by entering a

19    plea of guilty, if I accept your plea, there will not be a

20    trial?

21              DEFENDANT COLON-VAZQUEZ:  Yes.

22              THE COURT:  Do you understand that you will have

23    waived or given up your right to a trial and those other

24    rights that are associated with the trial that I just

25    mentioned to you?
```

```
1                  DEFENDANT COLON-VAZQUEZ:  Yes.

2                  THE COURT:  Do you understand that by entering a

3      plea of guilty, you also waive or give up your right not to

4      incriminate yourself?

5                  DEFENDANT COLON-VAZQUEZ:  Yes.

6                  THE COURT:  The reason for that waiver is that I

7      have to ask you questions about what you did in order for me

8      to be satisfied that you are guilty.

9                  Do you understand that?

10                 DEFENDANT COLON-VAZQUEZ:  I understand.

11                 THE COURT:  Do you understand that you will have to

12     acknowledge that you are guilty?

13                 DEFENDANT COLON-VAZQUEZ:  Yes, I understand.

14                 THE COURT:  Do you understand that the offense to

15     which you are pleading guilty, Count One of the indictment,

16     is a felony offense?

17                 DEFENDANT COLON-VAZQUEZ:  Yes.

18                 THE COURT:  Do you understand that if I accept your

19     plea, you will be adjudged guilty of that felony offense?

20                 DEFENDANT COLON-VAZQUEZ:  Yes.

21                 THE COURT:  Do you understand that that

22     adjudication of guilt may deprive you of some rights?

23                 For example, you won't able to hold public office;

24     you won't be able to serve on a jury; you won't be able to

25     possess any kind of firearm or ammunition; and if you move
```

1  somewhere in the United States out of Puerto Rico, you may

2  even lose your right to vote.

3          Do you understand that?

4          DEFENDANT COLON-VAZQUEZ:  I understand.

5          THE COURT:  Mr. Valentin, would you please

6  summarize the plea agreement reached with Mr. Colon.

7          MR. VALENTIN:  Yes, Your Honor.  Thank you.

8          The Defendant will be pleading guilty to Count One,

9  the sole count of the indictment, which charges him with

10  possession of a machine gun, specifically a Glock pistol,

11  model 22, bearing serial number ZYT677, which was modified to

12  shoot automatically more than one shot without manual

13  reloading by a single function of the trigger, and one Smith

14  & Wesson rifle, model MP15, bearing serial number SU10334,

15  again, modified to shoot automatically more than one shot

16  without manual reloading by a single function of the trigger.

17          The maximum penalty, as the Court has -- or as is

18  reflected in the plea agreement, is a term of imprisonment of

19  not more than ten years, a fine not to exceed $250,000, and a

20  term of supervised release of not more than three years.

21          There is a special monetary assessment of $100 as

22  outlined in paragraph 4.

23          At page 3, the sentence is to be determined by

24  Your Honor exercising your sound discretion and a careful

25  review of the sentencing guidelines and factors.

Joe Reynosa, CSR, RPR
Official Court Reporter

1          Pursuant to the sentencing calculations table at

2     page 4, the base offense level is 18.  There is a three level

3     deduction for acceptance of responsibility.  And the

4     appropriate table reflecting the criminal history categories

5     are outlined therein.

6          Paragraph 8 specifies that, after a careful

7     consideration of the sentencing factors, the Defendant,

8     Defense Counsel may recommend a sentence of 18 months

9     imprisonment, and the Government may recommend a sentence of

10    24 months of imprisonment regardless of the Defendant's

11    criminal history category at sentencing.

12         There is no stipulation as to criminal history

13    category.  However, there is a waiver of appeal at paragraph

14    10, which provides that the Defendant knowingly and

15    voluntarily agrees that if the imprisonment sentence imposed

16    by the Court is 24 months or less, the Defendant waives the

17    right to appeal any aspect of this case's judgment and

18    Your Honor's sentence, including but not limited to the term

19    of imprisonment or probation, restitution, fines and

20    forfeiture, and the terms and conditions of supervised

21    release.

22         The parties acknowledge that there are no further

23    adjustments or departures.

24         And there is an appropriate forfeiture provision,

25    which is also outlined in the indictment, relating to the

1    weapons and any items relating to those weapons, ammunitions,

2    and/or firearms.

3            That is my full understanding of the plea

4    agreement.  And at the appropriate time, the United States

5    will proceed with the stipulation of facts which is signed

6    and agreed to by the parties.

7            Thank you.

8            THE COURT:  Mr. Rodriguez, do you agree with

9    Mr. Valentin's summary of your client's plea agreement?

10           MR. RODRIGUEZ-ROBLES:  Yes, I do, Your Honor.

11           THE COURT:  Mr. Colon, do you agree with the

12   summary of your plea agreement as stated by the Prosecutor?

13           DEFENDANT COLON-VAZQUEZ:  Yes.

14           THE COURT:  Did you have an opportunity to discuss

15   your plea agreement with Mr. Rodriguez before you signed it?

16           DEFENDANT COLON-VAZQUEZ:  Yes.

17           THE COURT:  Mr. Rodriguez, did you explain the plea

18   agreement to Mr. Colon in Spanish?

19           MR. RODRIGUEZ-ROBLES:  Word for word, Your Honor,

20   yes.

21           THE COURT:  Are you satisfied that he understands

22   it?

23           MR. RODRIGUEZ-ROBLES:  I am, Your Honor.

24           THE COURT:  Mr. Colon, do you understand the terms

25   of your plea agreement?

```
 1                DEFENDANT COLON-VAZQUEZ:  Yes.

 2                THE COURT:  Does it represent in its entirety all

 3   of your understandings and agreements with the Government?

 4                DEFENDANT COLON-VAZQUEZ:  Yes.

 5                THE COURT:  Do you understand that the terms of

 6   your plea agreement are recommendations to the Court?

 7                DEFENDANT COLON-VAZQUEZ:  I understand.

 8                THE COURT:  Do you understand that I can reject

 9   those recommendations without permitting you to withdraw your

10   plea of guilty?

11                DEFENDANT COLON-VAZQUEZ:  I understand.

12                THE COURT:  Do you understand that I can impose a

13   sentence on you that is either more severe or less severe

14   than any sentence you may anticipate, or even the sentence

15   being recommended in the plea agreement?

16                DEFENDANT COLON-VAZQUEZ:  Yes.

17                THE COURT:  Do you understand that if I do sentence

18   you according to the terms, conditions, and recommendations

19   contained in your plea agreement, you waive and give up your

20   right to appeal your sentence and the judgment?

21                DEFENDANT COLON-VAZQUEZ:  Yes.

22                THE COURT:  Has anyone made any promise or

23   assurance to you of any kind to induce you to sign your plea

24   agreement?

25                DEFENDANT COLON-VAZQUEZ:  No.
```

1              THE COURT:  Has anyone attempted in any way to

2     force you to sign your plea agreement?

3              DEFENDANT COLON-VAZQUEZ:  No.

4              THE COURT:  Are you pleading guilty of your own

5     free will because you are guilty?

6              DEFENDANT COLON-VAZQUEZ:  Yes.

7              THE COURT:  The plea agreement is ordered filed and

8     taken under advisement to be considered by the Court at

9     sentencing.

10              Mr. Colon, you are charged in Count One of the

11     indictment that, on or about February 28, 2023, here in

12     Puerto Rico, you knowingly possessed a machine gun, which was

13     a Glock pistol, model 22, serial number ZYT677, a pistol

14     which was modified to shoot automatically more than one shot,

15     without manual reloading, by a single function of the

16     trigger, and another machine gun, a Smith & Wesson rifle,

17     model MP15, serial number SU10334, also modified to shoot

18     automatically more than one shot, without manual reloading,

19     by a single function of the trigger.

20              Mr. Colon, is that what you did?

21              DEFENDANT COLON-VAZQUEZ:  Yes.

22              THE COURT:  Is that what you are pleading guilty

23     to?

24              DEFENDANT COLON-VAZQUEZ:  That is correct.

25              THE COURT:  The maximum penalty for the offense

1    charged in Count One of the indictment is a term of

2    imprisonment that cannot be more than ten years, a fine that

3    cannot be more than $250,000, a term of supervised release of

4    not more than three years, plus you have to pay a special

5    money assessments of $100.

6            Mr. Rodriguez, did you discuss and explain the

7    terms of supervised release to Mr. Colon?

8            MR. RODRIGUEZ-ROBLES:  Yes, Your Honor.

9            THE COURT:  Mr. Colon, on the date of your

10   sentence, in addition to your sentence, I will also impose

11   upon you a term of supervised release.  That term will

12   commence when you are released from prison.

13           During that term you will be under the supervision

14   of a probation officer, and you will to have to comply with

15   some conditions that I will also impose upon you on the date

16   that you are sentenced.

17           If you violate or you don't follow any of those

18   conditions while you are on supervised release, the probation

19   officer will tell me.  If that happens, we will have a

20   hearing in court.  And depending on what happens at the

21   hearing, I can revoke your supervised release term and send

22   you back to prison.

23           Do you understand that?

24           DEFENDANT COLON-VAZQUEZ:  I understand.

25           THE COURT:  Do you understand all those serious

Joe Reynosa, CSR, RPR
Official Court Reporter

```
1    possible consequences of your plea of guilty?

2               DEFENDANT COLON-VAZQUEZ:  Yes, I understand.

3               THE COURT:  Do you understand that sentencing

4    within the sentencing guidelines is a matter for the Court to

5    decide?

6               DEFENDANT COLON-VAZQUEZ:  Yes.

7               THE COURT:  Have you and Mr. Rodriguez talked about

8    how the sentencing guidelines might apply to your case?

9               DEFENDANT COLON-VAZQUEZ:  Yes.

10              THE COURT:  Do you understand that I won't be able

11   to determine what the guideline sentence for your case will

12   be until I receive a completed pre-sentence investigation

13   report prepared by a probation officer?

14              DEFENDANT COLON-VAZQUEZ:  I understand.

15              THE COURT:  Do you understand that the sentence

16   that I may impose upon you may be different from any estimate

17   that Mr. Rodriguez may have given you and even different from

18   what is being recommended in the plea agreement?

19              DEFENDANT COLON-VAZQUEZ:  Yes, I understand.

20              THE COURT:  Do you understand that the sentence

21   that I may impose upon you may be affected by your criminal

22   history?

23              DEFENDANT COLON-VAZQUEZ:  Yes.

24              THE COURT:  Do you understand that even after your

25   sentencing guideline range has been determined, I can in some
```

```
1    circumstances depart or vary from the guidelines and impose a

2    sentence on you that is either more severe or less severe

3    than the sentence called for by the guidelines?

4              DEFENDANT COLON-VAZQUEZ:  I understand.

5              THE COURT:  Do you understand that there is no

6    parole in the Federal system?

7              DEFENDANT COLON-VAZQUEZ:  I understand.

8              THE COURT:  If you are sentenced to prison, you

9    will not be released on parole.

10             Do you understand that?

11             DEFENDANT COLON-VAZQUEZ:  I understand.

12             THE COURT:  Mr. Valentin, has the Government

13   provided full and complete discovery to Mr. Rodriguez?

14             MR. VALENTIN:  Yes, Your Honor, that's my

15   understanding.

16             THE COURT:  Please give a brief explanation of the

17   theory to be presented to prove Mr. Colon guilty if a trial

18   were to be held.

19             MR. VALENTIN:  Thank you, Your Honor.

20             As specifically outlined on page 11, the following

21   are stipulated facts:

22             On February 28, 2023, at approximately 7:00 a.m.

23   agents from the Puerto Rican Police Department Caguas Strike

24   Force responded to a call that the Defendant was sleeping in

25   a stolen vehicle parked in the Jardines de Montellano Public
```

1   Housing Project.

2           Upon arrival, they saw the Defendant sitting in the

3   driver's seat speaking to a man crouching on the ground next

4   to him.  Both front doors of the vehicle were open.  The

5   crouching man ran away.  The Defendant was detained and found

6   to be in possession of three firearms and over 200 rounds of

7   ammunition.

8           For purposes of this plea agreement, the Defendant

9   acknowledges that he knowingly possessed one Glock pistol,

10  model 22, bearing serial number ZYT677, and one Smith &

11  Wesson rifle, model MP15, bearing serial number SU10334, and

12  that he knew both firearms had been modified to shoot

13  automatically more than one shot, without manual reloading,

14  by a single pull of the trigger.

15          Had this matter proceeded to trial, the United

16  States would have presented the testimony of law enforcement

17  officers and expert witnesses, as well as physical and

18  documentary evidence, to prove beyond a reasonable doubt that

19  the Defendant is guilty as charged in Count One of the

20  indictment.

21          The proof would also include from the apparent

22  condition of the weapons that the Defendant was fully aware

23  that these weapons were, in fact, modified to shoot

24  automatically.

25          That is my full understanding of the factual basis.

01000020

1            And, again, the United States represents that

2    discovery was timely made available to counsel and the

3    Defendant for their review.

4            THE COURT:  Mr. Colon, do you agree with the

5    Government's version that you just heard?

6            DEFENDANT COLON-VAZQUEZ:  I understand, yes.

7            THE COURT:  Is that what you did?

8            DEFENDANT COLON-VAZQUEZ:  Yes.

9            THE COURT:  Do you still want to plead guilty?

10           DEFENDANT COLON-VAZQUEZ:  Yes.

11           THE COURT:  Mr. Colon, how do you plead to the

12   charge before the Court, guilty or not guilty?

13           DEFENDANT COLON-VAZQUEZ:  Guilty.

14           THE COURT:  It's the finding of the Court in the

15   case of the United States versus Eddie Colon-Vazquez that

16   Mr. Colon is fully competent and capable of entering an

17   informed plea, that he is aware of the nature of the charge

18   and the consequences of his plea, and that his plea of guilty

19   is a knowing and voluntary one, supported by an independent

20   basis in fact containing each of the essential elements of

21   the offense.

22           Mr. Colon's guilty plea is, therefore, accepted,

23   and he is now adjudged guilty of that offense.

24           The Court orders a pre-sentence investigation

25   report to be prepared by a probation officer to assist the

000020

1    Court at sentencing.

2              Mr. Colon, it's very important that you cooperate

3    with the probation officer when he or she is preparing the

4    report.  Mr. Rodriguez may accompany you during and help you

5    with when you meet with the probation officer assigned to

6    your case.

7              Do you understand that?

8              DEFENDANT COLON-VAZQUEZ:  Yes, I understand.

9              THE COURT:  May I have a sentencing date, please.

10             THE COURTROOM DEPUTY CLERK:  Yes, Judge.

11             Sentence is set for September 15, 2023, 9 o'clock

12   in the morning.

13             THE COURT:  Sentence on September 15, 2023, at

14   9 o'clock in the morning.

15             Anything else, Mr. Rodriguez?

16             MR. RODRIGUEZ-ROBLES:  Nothing from the Defense,

17   Your Honor.

18             THE COURT:  Mr. Valentin?

19             MR. VALENTIN:  Nothing further, Your Honor.

20             THE COURT:  You are all excused.

21

22             (PROCEEDINGS ADJOURNED AT 11:05 A.M.)

23

24

25

1    REPORTER'S CERTIFICATE

2

3         I, JOE REYNOSA, Official Court Reporter for the

4    United States District Court for the District of Puerto Rico,

5    appointed pursuant to the provisions of Title 28, United

6    States Code, Section 753, do hereby certify that the

7    foregoing is a true and correct computer-aided transcript of

8    proceedings had in the within-entitled and numbered cause on

9    the date herein set forth; and I do further certify that the

10   foregoing transcript has been prepared by me or under my

11   direction.

12

13

14

15

16

17
                                   S/Joe Reynosa
18                                 _____
                                   JOE REYNOSA, CSR, RPR
19                                 United States Court Reporter
                                   Federico Degetau Federal
20                                 Building, Room 150
                                   150 Carlos Chardon Street
21                                 San Juan, Puerto Rico 00918-176
                                   (787) 772-3480
22

23

24

25

1          IN THE UNITED STATES DISTRICT COURT

2            FOR THE DISTRICT OF PUERTO RICO

3

THE UNITED STATES OF AMERICA, )

4                              )
          Plaintiff,           ) Case No. 23-CR-079

5                              )
-vs-                           )

6                              )
EDDIE COLON-VAZQUEZ,           )

7                              )
          Defendant.           )

8  _____)

9

10          TRANSCRIPT OF SENTENCING HEARING
     HELD BEFORE THE HONORABLE FRANCISCO A. BESOSA

11          UNITED STATES DISTRICT COURT JUDGE
                  SEPTEMBER 15, 2023

12  _____

13

14              A P P E A R A N C E S

15

FOR THE UNITED STATES OF AMERICA:

16

Ms. Corinne Cordero, Esq.

17  Assistant U.S. Attorney

18

FOR THE DEFENDANT:

19

Mr. Miguel Rodriguez-Robles, Esq.

20

21

22

23

REPORTED BY:          Tracy L. Binder, RPR

24                     Federal Official Court Reporter
                       United States District Court

25                     District of Puerto Rico

01000024 2

```
 1              (The proceedings commenced at 10:23

 2         a.m.)

 3              DEPUTY CLERK:  Criminal Case 23-79, United States

 4    of America versus Eddie Colon-Vazquez for sentencing

 5    hearing.  On behalf of the Government is AUSA Corinne

 6    Cordero.  On behalf of the defendant is Counsel Miguel

 7    Rodriguez-Robles.  The defendant is present in the courtroom

 8    under custody and assisted by a certified court interpreter.

 9              MR. RODRIGUEZ:  Good morning, Judge.  Miguel

10    Rodriguez on behalf of Eddie Colon-Vazquez.

11              MS. CORDERO:  Good morning, Your Honor.  Assistant

12    U.S. Attorney Corinne Cordero-Romo on behalf of the

13    Government, ready to proceed.

14              THE COURT:  Mr. Rodriguez, is there anything you'd

15    like to say on behalf of Mr. Colon before I pronounce

16    sentence?

17              MR. RODRIGUEZ:  Yes, Your Honor.  I'll be brief,

18    emphasizing certain points of my sentencing memo.

19              First, Your Honor, merely to emphasize the fact

20    that he does have family support, as the last row here is

21    his family, Your Honor.  Defendant is a young man, he has no

22    criminal history at all, Your Honor.  We consider this to be

23    an isolated incident, because he has no history of such

24    incidents happening in the past, Your Honor.  No one was

25    directly hurt.
```

1          And finally -- and the presentence investigation

2     report goes into this -- we remind the Court again that he

3     is young, and he recently went through the separation of his

4     parents, and he had to take emotional therapy for this, Your

5     Honor.  And obviously we're not saying that this is

6     exclusively the reason why he committed the crime he

7     committed, but, um, it certainly must have affected his

8     decision-making skills, Your Honor.

9          And we request a sentence of 18 months, as we did

10    in the sentencing memo, Your Honor.

11          THE COURT:  Ms. Cordero?

12          MS. CORDERO:  Yes, Your Honor.  In this case, we

13    have no objections to the sentencing memo filed by defense

14    counsel as it is within the terms of the plea agreement, and

15    we have no objections to the presentence report.

16          As stated in the plea agreement, the parties may

17    request a sentence between 18 months and 24 months.  In this

18    case, we are requesting 24 months of imprisonment as to this

19    defendant.  Although he is a first offender, the facts

20    surrounding this case warrant that he be sentenced towards

21    the upper end of the applicable guideline that is

22    recommended in the plea agreement.

23          When he was arrested, he was inside a vehicle that

24    had been reported stolen, and in his possession was not one

25    but two weapons and multiple rounds of ammunition.  Besides

1    those multiple rounds of ammunition, also within those guns

2    and those ammunition there was one black hoodie and two ski

3    masks, as well as gloves.  This indicates -- this is very

4    worrisome for the Government as these are basically the

5    tools that are used by the persons involved in either drug

6    trafficking or violent incidents to disguise themselves when

7    they are prepared for shootouts.  We are not saying that he

8    is charged with that here, but the evidence seized speak for

9    itself.

10           So for those reasons, we are requesting that he be

11    sentenced to the higher end of the recommended guideline

12    that is 24 months.

13           THE COURT:  Mr. Colon, is there anything you would

14    like to say?

15           THE DEFENDANT:  Good morning.  I just want to

16    apologize to my family, since it wasn't because I didn't

17    have good advice.  They're the ones who are affected because

18    of my bad actions.  That's all.

19           THE COURT:  On June 16, 2023, defendant Eddie

20    Colon-Vazquez pled guilty to Count One of the indictment in

21    Criminal Case No. 23-79, which charges that he violated

22    Title 18, United States Code, Section 922(o), possession of

23    a machine gun, which is a Class C felony.

24           The November 1, 2021, edition of the sentencing

25    guidelines manual has been used to calculate the guideline

01000027 5

 1    adjustments pursuant to the provisions of guideline

 2    section 1B1.11(a).  Based on the provisions of guideline

 3    section 2K2.1(a)(4)(B), a base offense level of 20 has been

 4    determined because Mr. Colon has been convicted of an

 5    offense that involved firearms described in Title 26, United

 6    States Code, Section 5845(a), a Glock pistol, Model 22,

 7    serial number ZYT677, and a Smith & Wesson assault rifle,

 8    Model MP 15, serial number SU10334, both of which were

 9    modified to operate as machine guns, all while Mr. Colon was

10    a prohibited person, a long-term user of marijuana since he

11    was 16 years old.

12           Because the offense involved three firearms, the

13    Glock pistol, the Smith & Wesson magazine, and a black

14    polymer 80 pistol with a Glock slide, serial number GSU500,

15    loaded with 22 rounds with a -- 22 rounds in a Glock

16    magazine -- with a 22-round Glock magazine with 17 rounds in

17    it.  Because the offense involved three firearms, the ones

18    that I mentioned, the base offense level is increased by two

19    levels pursuant to sentencing guideline section 2K2.1(b)(1).

20    Because Mr. Colon accepted time -- timely accepted

21    responsibility for his offense, however, his offense level

22    is reduced by three levels pursuant to guideline section

23    3E1.1(a) and 3E1.1(b).  There are no other applicable

24    guideline adjustments.

25           Based on a total offense level of 19 and a

01000028 6

criminal history category of 1, the guideline imprisonment

range for Mr. Colon's offense is from 30 to 37 months.

There's a fine range of 10,000 to $100,000, plus a

supervised release term of at least one but not more than

three years.

The probation officer has correctly adjusted the

guideline computations and the presentence investigation

report satisfactorily reflects the components of Mr. Colon's

offenses -- offense by considering its nature and

circumstances.

The Court has also considered the other sentencing

factors set forth in Title 18, Section 3553(a), the

presentence investigation report, the plea agreement, the

sentencing memorandum filed on Mr. Colon's behalf, arguments

by counsel and the prosecutor, and Mr. Colon's allocution.

Mr. Colon is 21 years old.  He has a high school

diploma obtained through a GED program and completed

vocational training.  He was unemployed prior to his arrest

for his offense, and he has a history of using marijuana and

Tramadol and Oxycodone, also known as Percocet, without

prescriptions.

Mr. Colon possessed one Glock pistol, Model 22,

Gen 4, .40 caliber, serial number ZYT677, loaded with

22-round Glock magazine with 16 rounds in the magazine and

one in the chamber; one black polymer 80 pistol with a Glock

01000029-7

```
1    slide with serial number GSU500, loaded with a 22-round

2    Glock magazine with 17 rounds in it; and one black

3    Smith & Wesson assault rifle, Model MP 15, serial number

4    SU10334.  Additionally, he had a Glock magazine of 22-round

5    capacity, a Glock magazine of 13-round capacity, one rifle

6    magazine of 50 rounds of capacity, two rifle magazines each

7    of 30 rounds capacity, and a total of 46 rounds of .40

8    caliber ammunition and a total of 112 rounds of 2 point --

9    of .223 caliber ammunition for the assault rifle.  Of the

10   three firearms seized by Mr. Colon, two were machine guns.

11         A modern machine gun can fire more than a thousand

12   rounds a minute, which allows a shooter to kill dozens of

13   people within a matter of seconds.  Short of bombs,

14   missiles, and biochemical agents, the Court can conceive of

15   few weapons that are more dangerous than machine guns.

16   Machine guns are unusual, and outside of a few

17   Government-related uses, machine guns largely exist on the

18   black market.  In short, machine guns are highly dangerous

19   and unusual weapons that are not typically possessed by

20   law-abiding citizens for lawful purposes.

21         Today Mr. Colon has requested a sentence of 18

22   months and the Government has requested a sentence of 24

23   months of imprisonment.  The Court finds that the sentences

24   recommended by the parties do not reflect the seriousness of

25   the offense, do not promote respect for the law, do not
```

1    protect the public from additional crimes by Mr. Colon, nor

2    do they address the issues of deterrence and punishment.

3        During his interview, in the presence of counsel,

4    by the probation officer, Mr. Colon said that he engaged in

5    his conduct because he was following a trend and living his

6    life as if it were a movie.  He was following the

7    acquaintances that pressured and supported this type of

8    behavior.  He denied having -- being a risk in the

9    community.  He expressed being repentant and felt that he

10   had disappointed his parents as he was not raised to behave

11   like he did.  Rather, he was taught to go to church and

12   focus on practicing sports.

13       On February 28, 2023, at approximately 7:00 in the

14   morning, police agents received a confidential call with

15   information there was a strange individual dressed all in

16   black with a black jacket hoodie sleeping in a vehicle, a

17   white four-door Kia Forte, Puerto Rico license plate number

18   IST 427, at the Jardines de Montellano public housing

19   project in Cayey.  The agents verified that the vehicle was

20   reported stolen on February 24, 2023, four days before the

21   police received the call.

22       When the agents entered the public housing project

23   to investigate about the stolen vehicle, it was seen parked

24   at the end of the main street.  The agents observed two

25   individuals, including Mr. Colon, who was sitting in the

1   driver's seat with his legs out of the vehicle, a second

2   male was crouching in front of him.  The agents approached

3   the vehicle, identified themselves as police officers and

4   gave the individuals a halt command.  The agent observed a

5   rifle on the passenger side of the vehicle.  The individual

6   that was crouching ran away.  Mr. Colon tried to flee from

7   the driver's side of the vehicle but stumbled and fell.  He

8   was caught, arrested, and read his Miranda rights.

9        The Puerto Rico Police agent seized the following

10  items from inside the vehicle:  One Glock pistol, black and

11  gray in color, Model 22, Gen. 4, .40 caliber, serial number

12  ZYT677, loaded with a 22-round Glock magazine with 16 rounds

13  in the magazine and one in the chamber.

14       One black polymer 80 pistol with a Glock slide

15  with serial number GSU500, loaded with a 22-round Glock

16  magazine with 17 rounds in the magazine.

17       One black Smith & Wesson assault rifle, Model MP

18  15, serial number SU10334.

19       One Glock magazine of 22 rounds of ammunition

20  capacity; one Glock magazine of 13 rounds of ammunition

21  capacity; one rifle magazine, 50 rounds of ammunition

22  capacity; two rifle magazines each of 30 rounds of

23  ammunition capacity; 46 rounds of .40 caliber ammunition;

24  112 rounds of .223 caliber ammunition; one black Supreme

25  fanny pack; one pair of Firm Grip gloves; one gray iPhone;

01000032

10

1    two ski masks; and one black hoodie.

2         Mr. Colon acknowledged that he knowingly possessed

3    the one Glock pistol with serial number ZYT677 and the

4    Smith & Wesson rifle, Model MP 15, with serial number

5    SU10334, and that he knew that both firearms had been

6    modified to shoot automatically.

7         He was arrested on February 28, 2023, by agents of

8    the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

9    In March he was brought before the magistrate judge at which

10   time he was ordered temporarily detained pending further

11   proceedings.  The Court -- at the preliminary and detention

12   hearing, the Court ordered that he remain detained pending

13   trial.

14        The First Circuit Court of Appeals has indicated

15   that when this Court's explanation for a sentence is

16   inadequate, it is a recognized error.  The Court of Appeals

17   has also indicated that a mere listing of the facts of the

18   arrest without emphasis on any particular circumstance makes

19   it impossible for the Court of Appeals to tell what

20   motivated this Court in this Court's sentencing decision,

21   especially when it varies upward from a recommended sentence

22   and from -- or from the guideline range.

23        The Court of Appeals has requested the benefit of

24   this Court's thinking concerning the length of sentences

25   that it imposes.  The Court of Appeals requires that a

01000033
11

1    sentencing Court, when imposing a significant variance,

2    which in this case would be 11 months over the high end of

3    the guidelines, 24 months over the sentence recommended by

4    the Government and 30 months over the sentence recommended

5    by the defendant, it must make clear which specific facts of

6    the case motivated its decision and why these facts led to

7    its decision to vary upward from the recommended sentences

8    and the guideline range.

9         In addition to the two automatic firearms for

10   which Mr. Colon pled guilty, a Model 22 Gen. 4 .40 caliber

11   Glock pistol, and a Smith & Wesson assault rifle, both

12   altered to shoot automatically, Mr. Colon possessed, as we

13   indicated before, a third pistol which was a black polymer

14   80 pistol, a high-capacity Glock magazine of 22 rounds

15   capacity, a Glock magazine of 13 rounds capacity, a

16   high-capacity rifle magazine of 30 rounds of ammunition

17   capacity, two high-capacity rifle magazines of 30 rounds

18   each, 46 rounds of .40 caliber ammunition, 112 rounds of

19   .223 caliber ammunition for the assault rifle, a fanny pack,

20   gloves, an iPhone, two ski masks, and a black hoodie, plus

21   he was dressed in black.  All of that are evidence of

22   matters having to do either with drug transactions or with

23   violent crime on this island.

24        Mr. Colon said that he wanted to be like his

25   friends.  Well, his friends -- if his friends had that type

1    of weaponry with them, they are -- they would also be

2    probably involved in drug trafficking or violent crimes.

3    The guideline sentence fails to reflect the seriousness of

4    this offense.

5         The First Circuit Court of Appeals, in United

6    States versus Valle-Colon, affirmed a 12-month upward

7    variant sentence for a section 924(c)(1)(A) offense, holding

8    that the guideline calculation did not account for the

9    important fact that the defendant in that case possessed a

10   military-style assault rifle.  That rationale is applicable

11   to Count One here.  Mr. Colon possessed one assault rifle,

12   the Smith & Wesson.  Concerns about the seriousness of such

13   fire power is sufficient to remove this case from the

14   heartland of the relevant guidelines as held by the Court of

15   Appeals in United States versus Bruno-Campos.  The amount of

16   ammunition of two different calibers, .40 and .223 for the

17   assault rifle possessed by Mr. Colon is also a significant

18   factor constituting an additional reason for this Court to

19   impose a variant sentence above the guidelines and above the

20   recommended sentences.

21        For example, in the case of Bruno-Campos mentioned

22   before, the First Circuit Court of Appeals held that

23   substantial amounts of ammunition is directly relevant to

24   the sentencing calculus.  Because the guideline calculations

25   or the sentencing -- sentence recommendation do not account

01000035
13

1    for the weapons and fire power that Mr. Colon possessed, or

2    the significant amount of ammunition and the magazines that

3    he possessed, plus the two ski masks not really pertinent to

4    Puerto Rico, and the black hoodie, require a sentence above

5    the guidelines or the recommended sentencing range.

6           The high crime rate and proliferation of illegal

7    firearms in Puerto Rico further underscore the inadequacy of

8    the guideline sentence and the parties' recommendations.

9    The onslaught of criminal activity throughout this

10    jurisdiction is an appropriate sentencing consideration, a

11    factor that promotes general and specific deterrence.

12           The First Circuit Court of Appeals has, however,

13    set forth shifting standards regarding the propriety of

14    community-based considerations.  In United States versus

15    Flores-Machicote, the District Court imposed an upwardly

16    variant sentence based in part on Puerto Rico's escalating

17    murder rate.  In fact -- and that was back in 2013.  In

18    fact, the District Court in that case emphasized that we,

19    i.e., Puerto Rico, have the highest number -- highest murder

20    statistics in the entire United States.  The parties had

21    recommended a 33-month sentence term of imprisonment.  The

22    District Court determined that this recommendation was

23    irresponsible, however, imposing a five-year term of

24    imprisonment.  That sentence constituted a 19-month upward

25    variance.

1    The First Circuit Court of Appeals affirmed the

2    variant sentence, holding that the incidence of particular

3    crimes in the relevant community appropriately informs and

4    contextualizes the relevant need for deterrence.  In the

5    Flores-Machicote opinion, the Court of Appeals set forth the

6    following example:  If a community is relatively free of

7    violent crime, a sentencing judge reasonably may deem a

8    violent crime aberrational, and, thus, see no need for a

9    heightened level of deterrence.  If, however, violent crime

10   is running rampant, the judge reasonably may conclude that

11   the need for deterrence is great, and this may translate

12   into a stiffer sentence.

13   After Flores-Machicote, the First Circuit Court of

14   Appeals continued to endorse community-based considerations

15   in the sentencing context.  For instance, in United States

16   versus Narvaez-Soto, the Court of Appeals emphasized the

17   District Court's reasoned determination predicated on its

18   experience that the incidence of violent crime and

19   particularly gun-related violent crime is an acute problem

20   in Puerto Rico.  Moreover, in United States versus

21   Viloria-Sepulveda, the Court of Appeals recognized that

22   Puerto Rico is a hot spot for weapons.

23   Other jurisdictions have adopted this approach.

24   For example, the Seventh Circuit Court of Appeals affirmed

25   the imposition of an upwardly variant sentence in United

01000037

15

```
1    States versus Hatch, citing the District Court's concerns

2    pertaining to the rise in Chicago's gun violence and the

3    flow of guns from Indiana.

4           A sentence outside the guideline range does not

5    come to the reviewing Court with a presumption of

6    unreasonableness.  Even when the District Court imposes a

7    variant sentence, the First Circuit Court of Appeals affords

8    due deference to the District Court's decision that the

9    Section 3553(a) factors on a whole justify the extent of the

10   variance.

11          Citing the abysmal crime rate in Puerto Rico is

12   not, however, sufficient by itself to trigger a presumption

13   of reasonableness for an upward variant sentence.  In United

14   States versus Rivera-Berrios, the District Court imposed an

15   upward variance in a firearm prosecution based in part on

16   the pervasiveness of violent crime, murder, and machine guns

17   in Puerto Rico.  The First Circuit Court of Appeals vacated

18   the sentence, however, describing the punishment imposed as

19   unmoored from any individual characteristic of either the

20   offender or the offense of conviction.  The connection

21   within the rate of violent crime and Federal firearms

22   convictions in Puerto Rico requires an explicit explanation.

23   District Courts are required to establish a case-specific

24   nexus between the offense of conviction, possession of

25   illicit firearms, and the community-based considerations, a
```

01000038
16

1    high rate of violent crime.  That is what the Court has done

2    today.

3            The First Circuit Court of Appeals recently placed

4    additional constraints on the District Court's discretion,

5    restricting consideration of community-based considerations

6    in the Section 3553 analysis.  In United States versus

7    Flores-Gonzalez, for example, the Court of Appeals held that

8    sentencers cannot rely exclusively on community

9    characteristics in varying upward from the guidelines.

10   Pursuant to this logic, District Courts cannot consider high

11   rates of violent crime in the relevant locality without

12   attaching this concern to another sentencing factor, which

13   the Court has done today.

14           Judge William Kayatta concurred with the majority

15   in the case of Rivera-Berrios but only because authoritative

16   precedent precluded the First Circuit Court of Appeals from

17   affirming what would otherwise seem to be a poorly justified

18   upward variance aimed at deterring an offense more serious

19   than the mind-run version precisely because of the increased

20   threats faced by a community in which it occurred.  The

21   concurrence found it difficult to see how Flores-Machicote

22   gave a full-throated endorsement for the ability to enhance

23   a sentence when the sentencing judge concludes that violent

24   crime is running rampant in a particular community, while

25   other cases held that a judge cannot rely on that perceived

0100003917

1    need for greater deterrence to justify an upwardly variant

2    sentence.

3          According to Judge Kayatta, the majority in that

4    case does not explain how a factor can add months to a

5    sentence when added to other factors that themselves support

6    an enhancement, yet support no enhancement at all on its

7    own.  He stated that the Court of Appeals has, quote,

8    flip-flopped along the way and has likely landed wrong side

9    up in the Flores-Gonzalez case.  In that case, the location

10   of the offense may amplify the Court's emphasis on

11   deterrence.

12         Judge Kayatta compared a defendant who unlawfully

13   possessed a machine gun in a densely populated neighborhood

14   in Boston with a defendant who possesses a machine gun in a

15   rural town in western Massachusetts.  A District Court could

16   vary upward in the first context because the possession of a

17   machine gun in a crowded city presents dangers that would

18   not otherwise be accounted for in the mind-run circumstance.

19   This logic is subject to extrapolation.  For example,

20   compare Puerto Rico with New Hampshire.  According to the

21   United States census, 3,221,789 people lived in Puerto Rico

22   as of July 1, 2022.  The corresponding population of New

23   Hampshire was 1,395,231 people.  In addition, New Hampshire

24   is more than twice as large as Puerto Rico.  Accordingly,

25   possession of a machine gun in Puerto Rico presents dangers

01000040

18

1    that would not otherwise be accounted for in a less

2    populated jurisdiction such as New Hampshire.

3            Finally, Judge Kayatta presented this poignant

4    question:  If there were a sharp increase of high-profile

5    machine gun shootings in Boston, would the First Circuit

6    Court of Appeals really say that district judges could not,

7    under Section 3553(a), decide that an increased need for

8    deterrence called for a stiffer sentence in machine gun

9    possession cases in Boston?

10           The Flores-Gonzalez disposition was subsequently

11    withdrew by the Court -- by the First Circuit Court of

12    Appeals which granted the United States' petition for an en

13    banc review.  Oral argument occurred nine or ten months ago,

14    but an opinion has yet to issue.

15           This Court must pronounce sentence in the shadow

16    of Flores-Gonzalez, tailoring a reasonable term of

17    imprisonment while the First Circuit Court of Appeals

18    attempts to reconcile inconsistent precedent.

19           That is what this Court has done today.  Puerto

20    Rico falls within the First Circuit, which includes Maine,

21    Rhode Island, Massachusetts, and New Hampshire.  The

22    disparity in violent crime between Puerto Rico and these New

23    England states is both astounding and tragic.  From 2016 to

24    2018, the last date which the Court has numbers, the Puerto

25    Rico homicide rate per 100,000 inhabitants were 19 -- I'm

01000041 19

1    sorry, were 20.  19.7 and 20 respectively.  The

2    corresponding rates of homicides in Maine, Rhode Island,

3    Massachusetts, and New Hampshire ranged from 1.8 to 2.6 per

4    100,000 inhabitants.  The number of murders among the First

5    Circuit jurisdictions further demonstrates that the need to

6    deter violent crime is greater in Puerto Rico than, for

7    example, in Rhode Island or even Massachusetts.

8            In 2015, there were 25 murders in Maine, 31 in

9    Rhode Island, 131 in Massachusetts, 15 in New Hampshire, and

10   614 in Puerto Rico.

11           In 2016, there were 16 murders in Maine, 29 in

12   Rhode Island, 134 in Massachusetts, 17 in New Hampshire, and

13   704 in Puerto Rico.

14           In 2017, there were 21 murders in Maine, 21 in

15   Rhode Island, 172 in Massachusetts, 13 in New Hampshire, and

16   729 in Puerto Rico.

17           In 2018, there were 19 murders in Maine, 16 in

18   Rhode Island, 138 in Massachusetts, 21 in New Hampshire, and

19   641 in Puerto Rico.  This data derives from the Centers for

20   Disease Control and Prevention and the Puerto Rico

21   Statistics Institute.

22           This Court cannot, however, consider the high

23   crime rate in Puerto Rico without establishing a

24   case-specific nexus to this criminal action.  Mr. Colon

25   stated that he possessioned the firearms, ammunition,

01000042

20

1    magazines, hoodie, two ski masks, and other items that were

2    seized because he followed acquaintances that pressured him

3    and supported him in his illegal behavior.  All those items

4    are items that are used for criminal actions.  By these --

5    I'm sorry.  These unnamed acquaintances led him to possess a

6    pistol, a rifle, high-capacity magazines, ammunition, a

7    black hoodie, two ski masks, not really something that is

8    needed in Puerto Rico except to cover one's face to commit

9    crimes.  The lethality of assault rifles and machine guns

10    such as the assault rifle and the pistol that Mr. Colon

11    possessed are amplified by the high crime rate in Puerto

12    Rico.  Essentially, firearms and violent crime are

13    coextensive.  The First Circuit Court of Appeals has held

14    that guns and drug dealing go together like a hand in a

15    glove.

16            Mr. Colon possessed the weapons, the high-capacity

17    magazines, the ammunition, the hoodie, and the ski masks.

18    He wanted to be like his acquaintances.  Accordingly, a

19    variant sentence above the guideline range and the

20    recommended sentences is appropriate.

21            The parties agreed to recommend a sentence of

22    between 24 months and 30 months of imprisonment, which do

23    not fall within the guideline range reflected in the

24    presentence report.  Mr. Colon has requested a sentence of

25    18 months, and the Government has requested a sentence of 24

01000043

21

```
 1    months.  The Court finds that neither sentence reflects the
 2    seriousness of the offense or promotes respect for the law
 3    or protects the public from additional crimes by Mr. Colon,
 4    nor do they address the issues of deterrence and punishment.
 5              Accordingly, it's the judgment of the Court that
 6    Eddie Colon-Vazquez is committed to the custody of the
 7    Bureau of Prisons to be imprisoned for a term of 48 months.
 8    Upon release from confinement, Mr. Colon shall be placed on
 9    supervised release for a term of three years to be served
10    under the following terms and conditions:
11              He shall observe the standard conditions of
12    supervised release recommended by the United States
13    Sentencing Commission and adopted by this Court.
14              He shall participate in transitional and re-entry
15    support services, including cognitive behavioral treatment
16    services under the guidance and supervision of the probation
17    officer.  Mr. Colon shall participate in the services until
18    he is discharged by the service provider with the approval
19    of the probation officer.
20              He shall participate in vocational training and a
21    job placement program as recommended by the probation
22    officer.
23              He shall provide the probation officer access to
24    any financial information upon request.
25              He shall cooperate in the collection of a DNA
```

01000044 22

1    sample as directed by the probation officer pursuant to the

2    Revised DNA Collection Requirements, and Title 18, United

3    States Code, Section 3563(a)(9).

4         He shall submit himself and his property, house,

5    residence, vehicles, papers and effects, computers and other

6    electronic communication or data storage devices, or media,

7    to a search at any time, with or without a warrant, by the

8    probation officer and if necessary with the assistance of

9    any other law enforcement officer but only in the lawful

10   discharge of the supervision functions of the probation

11   officer who must have a reasonable suspicion of unlawful

12   conduct or of a violation of a condition of supervised

13   release.  The probation officer may seize any electronic

14   communication or electronic device or medium which will be

15   subject to additional forensic investigation or analysis.

16   Failure to submit to a search or permit a seizure may be

17   grounds for revocation of supervised release.  Mr. Colon

18   shall warn any other resident or occupant that his premises

19   may be subject to searches pursuant to this condition.

20        He shall not possess or use controlled substances

21   unlawfully and shall submit to a drug test within 15 days of

22   release from imprisonment.  After his release, Mr. Colon

23   shall submit to random drug testing not less than three

24   samples during the supervision period but not more than 104

25   samples each year, in accordance with the Drug Aftercare

01000045

23

```
1    Program Policy of the United States Probation Office as has

2    been approved by the Court.  If the illegal use of

3    controlled substances is detected in any sample, Mr. Colon

4    shall participate in an inpatient or an outpatient substance

5    abuse treatment program for evaluation and/or treatment as

6    arranged by the probation officer.  Payment shall be based

7    on his ability to pay or the availability of payments by

8    third parties as approved by the Court.

9              Having considered Mr. Colon's financial condition,

10   a fine is not imposed.  A special monetary assessment in the

11   amount of $100 is imposed, however, as required by law.

12             Mr. Colon shall forfeit all his rights, title, and

13   interest in all assets subject to forfeiture as outlined on

14   page 9 of the agreement.

15             Mr. Colon, you have entered into a plea agreement

16   in which you waived your right to appeal your conviction and

17   sentence.  That waiver is enforceable.  But if your waiver

18   is not enforceable, you may present that argument to the

19   appellate court.  A notice of appeal must be filed in this

20   Court within 14 days of when the judgment will be entered.

21   If you are unable to pay the cost of an appeal, you may

22   apply for leave to appeal as an indigent.  If you request

23   it, the Clerk of the Court will prepare and file a notice of

24   appeal on your behalf.

25             Any particular institution you would like me to
```

01000046

24

```
 1    recommend, Mr. Rodriguez?

 2              MR. RODRIGUEZ:  Ah, yes, Your Honor.  We -- in

 3    this specific order -- yeah, okay.  FCI Miami, or in the

 4    alternative, Coleman, Florida, or in the alternative,

 5    Pensacola, Florida also.

 6              THE COURT:  Well, I don't think he'll qualify for

 7    Pensacola on this weapons case, but I will recommend that he

 8    be designated to either FCI Miami or Coleman, both of which

 9    are in Florida.

10              MR. RODRIGUEZ:  Finally, Your Honor, if I --

11              THE COURT:  Wait a minute.  I'll also recommend

12    that he participate in any vocational training that may be

13    available at the institution to which he may be designated,

14    that he take courses in English as a Second Language, and

15    that he participate, if he qualifies, in the 500-hour drug

16    and alcohol treatment program offered by the Bureau of

17    Prisons.

18              Anything else, Mr. Rodriguez?

19              MR. RODRIGUEZ:  Certainly, Your Honor.  We very

20    respectfully object and request reconsideration of the

21    Court's sentence, Your Honor.  The Court has imposed double

22    of what the Government was asking, Your Honor.  We feel that

23    he is being sentenced for firearms or crimes or items for

24    which he was not indicted, Your Honor, or perhaps they are

25    being used as enhancements, and these enhancements are not
```

1  | even mentioned in the presentence investigation report as an

2  | option, as a possibility, Your Honor.

3  |       For example, ammunition is mentioned nowhere in

4  | the indictment, Your Honor.  And I'm aware that items were

5  | found in the car, but we really do not know the

6  | circumstances or the totality of the circumstances for which

7  | these items were in the car, Your Honor.  And he should be

8  | sentenced for the facts of the case, not for speculations,

9  | Your Honor.

10 |       THE COURT:  I don't think that I'm speculating.

11 | All of these things that were found were in the car in which

12 | Mr. Colon was sitting and which had been stolen four days

13 | before.

14 |       Anything else?

15 |       MR. RODRIGUEZ:  Nothing from the defense, Your

16 | Honor.

17 |       THE COURT:  Any counts to dismiss, Ms. Cordero?

18 |       MS. CORDERO:  No, Your Honor.  This indictment was

19 | one sole count.

20 |       THE COURT:  You're excused.

21 |       MS. CORDERO:  Thank you, Your Honor.

22 |       MR. RODRIGUEZ:  Thank you, Your Honor.

23 |       (The proceedings concluded at 11:12

24 | a.m.)

25 |

01000048
26

```
1    UNITED STATES DISTRICT COURT  )
                                        ss.
2    DISTRICT OF PUERTO RICO        )

3

4                    REPORTER'S CERTIFICATE

5

6          I, TRACY L. BINDER, RPR, Federal Official Court
     Reporter for the United States District Court for the
7    District of Puerto Rico, appointed pursuant to the
     provisions of Title 28, United States Code, Section 753,
8    do hereby certify that the foregoing is a true and correct
     computer-aided transcript of proceedings had in the
9    within-entitled and numbered cause on the date herein set
     forth; and I do further certify that the foregoing
     transcript has been prepared by me or under my direction.

10

11         Dated this 2nd day of January, 2024.

12

13                              /s/ Tracy L. Binder

14                              _____

15                              Tracy L. Binder, RPR
                                Federal Official Reporter

16

17

18

19

20

21

22

23

24

25
```

01000049

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED

CLERK'S OFFICE USDC PR
2023 MAR 9 PM4:39

| | |
|---|---|
| UNITED STATES OF AMERICA <br> Plaintiff, <br><br><br> v. <br><br><br> **EDDIE COLON VAZQUEZ** <br> Defendant, | **INDICTMENT** <br> *Criminal No. 23-079(FAB)* <br> VIOLATIONS: <br><br> 18 U.S.C. § 922(o) <br><br><br> (ONE COUNT) |

**COUNT ONE**
**Possession of a Machinegun**
**(Title 18, United States Code, Section 922(o))**

THE GRAND JURY CHARGES:

On or about February 28, 2023, in the District of Puerto Rico and within the jurisdiction of this Court,

**EDDIE COLON VAZQUEZ**

the defendant herein, did knowingly possess a machinegun, to wit: one (1) Glock pistol, model 22, bearing serial number ZYT677, modified to shoot automatically more than one shot without manual reloading by a single function of the trigger, and one (1) Smith and Wesson rifle, model MP 15, bearing serial number SU10334, modified to shoot automatically more than one shot without manual reloading by a

01000050

INDICTMENT
United States v. Eddie Colon Vazquez
Page 2

single function of the trigger. All in violation of Title 18, United States Code, Sections

922(o) and 924 (a)(2)

## Firearms and Ammunition Forfeiture Allegation

(18, United States Code, Section 924(d) & 28, United States Code, Section 2461(c))

The allegations contained in Count One of this Indictment are hereby realleged

and incorporated by reference for the purpose of alleging forfeitures pursuant to Title

18, United States Code, Section 924(d) and Title 28, United States Code, Section

2461(c). Upon conviction of the offense in violation of Title 18, United States Code,

Section 922(o) set forth in Count One of this Indictment, the defendant, **Eddie Colon**

**Vazquez** shall forfeit to the United States pursuant to Title 18, United States Code,

Section 924(d) and Title 28, United States Code, Section, 2461(c), any firearms and

ammunition involved or used in the commission of the offense, including, but not

limited to: one (1) Glock pistol, model 22, bearing serial number ZYT677 and one (1)

Smith and Wesson rifle, model MP 15, bearing serial number SU10334. If any of the

property described above, as a result of any act or omission of the defendants:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

01000051

**INDICTMENT**
**United States v. Eddie Colon Vazquez**
**Page 3**

United States Code, Section 2461(c). All pursuant to 18 United States Code, Section

924(d) and 28 United States Code, Section 2461(c).

TRUE BILL

FOREPERSON

Date:  9   MAR  2023

W. STEPHEN MULDROW
United States Attorney

Alberto R. Lopez Rocafort
Assistant United States Attorney
Chief, Gang Section

Teresa S. Zapata Valladares
Assistant United States Attorney
Deputy Chief, Gang Section

Damaré Theriot
Assistant United States Attorney
Gang Section

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,
*Plaintiff*,

v.

**EDDIE COLON VAZQUEZ**,
*Defendant*.

CRIMINAL NO. 23-079 (FAB)

*Received & filed*
*June 16, 2023*
*11:06 A.M.*

*MaR*
*CyAB*

## PLEA AND FORFEITURE AGREEMENT

### TO THE HONORABLE COURT:

The United States of America, Defendant, Eddie Colon Vazquez, and Defendant's counsel, Miguel Rodriguez Robles, pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

The defendant agrees to plead guilty to Count One of the Indictment. Count One alleges that on or about February 28, 2023, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant herein, did knowingly possess a machinegun, to wit: one (1) Glock pistol, model 22, bearing serial number ZYT677, modified to shoot automatically more than one shot without manual reloading by a single function of the trigger, and one (1) Smith and Wesson rifle, model MP 15, bearing serial number SU10334, modified to shoot automatically more than one shot

without manual reloading by a single function of the trigger. All in violation of Title 18, <u>United States Code</u>, Sections 922(o) and 924 (a)(2).

## 2. Maximum Penalties

The statutory maximum penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not more than ten years, pursuant to 18 U.S.C. § 924(a)(2); a fine not to exceed two hundred fifty thousand dollars ($250,000.00) pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of no more than three (3) years pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

01000054

*United States v. Eddie Colon Vazquez*, Crim. No. 23-079 (FAB)

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine.    The Court may also impose restitution.    Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500).  The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant.    However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations. As to Count One, the guideline calculations are as follows:

000054

01000055

*United States v. Eddie Colon Vazquez, Crim. No. 23-079 (FAB)*

| Sentencing Guidelines Calculations Table COUNT ONE 18 USC § 922(g)(1) (Felon in Possession) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Base Offense Level U.S.S.G. § 2K2.1(a)(4)(A)  (A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of … a controlled substance offense. | | | | | | | | 18 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1 (a)&(b) | | | | | | | | -3 |
| TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | 15 |
| 15 | 018-024 | 021-027 | 024-030 | 030-037 | 037-046 | 041-051 | | |



## 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the defendant may recommend a sentence of 18 months of imprisonment and the government may recommend a sentence of 24 months of imprisonment, regardless of the defendant's criminal history category at sentencing.

The parties further agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for the Defendant.

01000056

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 24 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Miguel Rodriguez Robles, and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

000056

0100057

*United States v. Eddie Colon Vazquez*, Crim. No. 23-079 (FAB)

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant.  Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts

01000058

*United States v. Eddie Colon Vazquez*, Crim. No. 23-079 (FAB)

that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant.   It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel.   The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

000058

**20. Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea.  In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea.  Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**21. Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**22. Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will

01000060

*United States v. Eddie Colon Vazquez*, Crim. No. 23-079 (FAB)

be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 23. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to: one (1) Glock pistol, model 22, bearing serial number ZYT677 and one (1) Smith and Wesson rifle, model MP 15, bearing serial number SU10334.

W. STEPHEN MULDROW
United States Attorney

_____
Alberto Lopez-Rocafort
Assistant United States Attorney
Chief, Gang Section
Dated: 6/9/2023

_____
Miguel Rodriguez Robles
Counsel for Defendant
Dated: 6/16/2023

_____
Damaré Theriot
Assistant U.S. Attorney
Gang Section
Dated: 6/9/23

_____
Eddie Colon Vazquez
Defendant
Dated: 6/16/2023

01000061

*United States v. Eddie Colon Vazquez*, Crim. No. 23-079 (FAB)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 6/16/2023                              X _____
                                             Eddie Colon Vazquez
                                             Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 6/16/2023                              _____
                                             Miguel Rodriguez Robles
                                             Counsel for Defendant

000061

01000062

*United States v. Eddie Colon Vazquez*, Crim. No. 23-079 (FAB)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and the defendant, Eddie Colon Vazquez, agree that the following is a true and accurate summary of the facts leading to his acceptance of criminal responsibility:

On February 28, 2023, at approximately 7:00 am, agents from the Puerto Rican Police Department, Caguas Strike Force responded to a call that the defendant was sleeping in a stolen vehicle parked in the Jardines de Montellano Public Housing Project. Upon arrival, they saw the defendant sitting in the driver's seat, speaking to a man crouching on the ground next to him. Both front doors were open. The crouching man ran away. The defendant was detained and found to be in possession of three firearms and over 200 rounds of ammunition.

For purposes of this plea agreement, the defendant acknowledges that he knowingly possessed one Glock pistol, model 22, bearing serial number ZYT677, and one Smith and Wesson rifle, model MP 15, bearing serial number SU10334, and that he knew both firearms had been modified to shoot automatically more than one shot without manual reloading by a single pull of the trigger.

Had this matter proceeded to trial, the United States would have presented the testimony of law enforcement officers and expert witnesses, as well as physical and documentary evidence to prove beyond a reasonable doubt that the defendant was guilty as charged in Count One of the Indictment.

000062

01000063

*United States v. Eddie Colon Vazquez*, Crim. No. 23-079 (FAB)

Discovery was timely made available to the defendant for his review.


_____
Damaro Theriot
Assistant U.S. Attorney
Gang Section
Dated: 6/9/23


_____
Miguel Rodriguez Robles
Counsel for Defendant
Dated: 6/16/2023


x _____
Eddie Colon Vazquez
Defendant
Dated: 6/16/2023